131 F.3d 144
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
George A. WEBSTER, Jr., Appellant.
 No. 97-1399.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 7, 1997.
Filed Nov. 20, 1997.
 
 Appeal from the United States District Court for the Eastern District of Missouri.
 Before McMILLIAN, FLOYD R. GIBSON, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 A jury previously found George A. Webster, Jr., guilty of conspiring to distribute cocaine base, distributing cocaine base, using a firearm during the commission of a drug-trafficking felony, unlawfully acquiring a firearm, and being a felon in possession of a firearm. He was sentenced to a total of 295 months imprisonment and five years supervised release, which included a 60-month consecutive sentence for the using-a-firearm offense. On appeal, we vacated that firearm conviction based on instructional error, concluding a properly instructed jury might have determined the government's proof did not establish a violation of 18 U.S.C. § 924(c)(1) as defined in Bailey v. United States, 116 S.Ct. 501 (1995). See United States v. Webster, 84 F.3d 1056, 1065-68 & n. 9 (8th Cir.1996). On remand, the government elected not to re-try the firearm count, and requested resentencing. Upon resentencing on the remaining offenses, the district court[1] enhanced the Guidelines range applicable to Webster's drug offenses by two levels, under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995), based on Webster's possession of a firearm. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). We affirm.
 
 
 2
 Counsel argues in the Anders brief that Webster should not have been resentenced, and that the government was precluded from seeking the firearm enhancement. We reject these contentions, because Webster became subject to the enhancement upon reversal of his firearm conviction. See United States v. Roulette, 75 F.3d 418, 426 (8th Cir.) (noting prohibition against applying firearm enhancement to drug sentence was no longer applicable once firearm sentence was set aside), cert. denied, 117 S.Ct. 147 (1996).
 
 
 3
 The Anders brief also contains a challenge to the enhancement itself, on the basis that no evidence was adduced at trial showing Webster possessed a firearm while he was in possession of crack cocaine, or during any drug transaction described in the presentence report (PSR). This argument fails, because the Commission has instructed district courts to apply the enhancement in drug offenses when a weapon was present, unless it is clearly improbable the weapon was connected with the offense. See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.3) (1995). Based on our review of the record, we conclude the district court did not clearly err in applying the enhancement. See United States v. McCracken, 110 F.3d 535, 541-42 (8th Cir.1997) (standard of review). As noted in uncontested paragraphs in the PSR, Webster bought a rifle from a pawn shop in June 1993. Following a January 1994 arrest--one that occurred during the period of the conspiracy--Webster admitted to authorities that he had moved to Cairo, Illinois, for the purpose of selling crack cocaine, and that he kept a firearm under his bed. During a search of his residence, authorities found ammunition for the rifle and other items associated with drug distribution. Authorities later searched another residence in which Webster was present, and found drugs and loaded firearms. Cf. id. at 541-42 (affirming enhancement where firearms and drugs were found in defendants' residence). Moreover, we held in Webster's direct criminal appeal that sufficient evidence supported the section 924(c)(1) firearm conviction, despite the instructional error which required remand for a new trial on that count. See Webster, 84 F.3d at 1067 n. 9.
 
 
 4
 After conducting the review required under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri